# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

Justin Jerome Fischer,

    Debtor.

Chapter 7
Case No. 19-60013

Erik A. Ahlgren, Trustee

    Plaintiff,

v.

Robert Fischer, and
Lesley Fischer,

    Defendants.

Adv. Pro. 19-_____

## COMPLAINT TO RECOVER VOIDABLE TRANSFERS

Plaintiff brings this complaint to recover the value of various voidable transfers made to or for the benefit of the Defendants.

### PARTIES

1. On January 8, 2019, Justin Jerome Fischer (the "Debtor") filed a petition under chapter 7 of the Bankruptcy Code and was granted an order for relief.

2. Plaintiff Erik A. Ahlgren is the duly appointed and acting trustee in the Debtor's bankruptcy case.

3. Defendant Robert Fischer and Lesley Fischer are the Debtor's parents. Their mailing address is 15721 260th Avenue NW, Big Lake, Minnesota 55309.

**JURISDICTION AND VENUE**

4. This adversary proceeding is brought pursuant to 11 U.S.C. §§547, 548 and 550 and Federal Rules of Bankruptcy Procedure 7000(1) to avoid certain pre-petition transfers made to or for the benefit of the Defendants as voidable transfers and to recover from Defendants the value of said transfers.

5. Jurisdiction over this adversary proceeding is based on 28 U.S.C. §§1334(b) and 157(b)(2)(F). This is a core proceeding under 28 U.S.C. §157(b)(2)(H).

6. This district is the proper venue for this adversary proceeding pursuant to 28 U.S.C. §1409(a).

7. Plaintiff consents to final orders or judgment of this Court.

**BACKGROUND**

8. At the meeting of creditors, the Debtor testified that he transferred a 1999 Suburban to the Defendants to avoid it becoming entangled in his criminal proceeding. He also testified that he has made irregular payments totaling $1,000 within the year prior to filing bankruptcy to repay debts to the Defendants.

9. On July 29, 2019, the Trustee sent a letter to the Defendants to confirm the above facts. The Defendants did not deny the facts as stated.

**COUNT I**
**AVOIDANCE OF TRANSFERS**
**(ACTUAL FRAUD)**

10. The above referenced allegations are incorporated herein by reference.

11. The Debtor transferred a 1999 Suburban to his parents to avoid it becoming entangled within his criminal proceeding.

12. On information and belief, the Debtor transferred the 1999 Suburban to avoid it becoming subject to forfeiture or any collection action based on restitution.

13. The Debtor's transfer of the 1999 Suburban to the Defendant was made with the actual intent to hinder, delay or defraud his creditors.

14. Among the badges of fraud demonstrating the Debtor's actual intent to hinder, delay or defraud her creditors are the following:

   a. The 1999 Suburban was transferred to his parents, who will be considered an insider as defined in 11 U.S.C. §101(31);

   b. By transferring 1999 Suburban to the Defendant, he effectively retained possession or control of the vehicle because he could expect to continue to use the vehicle;

   c. The Debtor received no consideration in exchange for the transfer;

   d. The Debtor was insolvent and unable to pay his bills when they came due at the time of the transfer;

15. Based on a review of vehicles similar to the 1999 Suburban transferred to Defendants on AutoTrader.com, the 1999 Suburban transferred to the Defendants is valued at approximately $4,500.

16. The 1999 Suburban was transferred by the Debtor to the Defendants as the initial transferee.

17. By reason of the foregoing, Trustee may avoid the Debtor's transfer of the 1999 Suburban to the Defendants based on the Debtor's actual intent to hinder, delay or defraud creditors under 11 U.S.C. §548 and/or 544 and may recover from Defendants' the $4,500 value of the 1999 Suburban pursuant to 11 U.S.C. §550.

## COUNT II
### AVOIDANCE OF TRANSFERS
### (CONSTRUCTIVE FRAUD)

18. The above referenced allegations are incorporated herein by reference.

19. The Debtor's transfer of the 1999 Suburban to the Defendants represents the transfer of an interest in property of the Debtor.

20. The Debtor received less than a reasonably equivalent value in exchange for the transfer.

21. On information and belief, when the transfers were made, the Debtor was insolvent, or became insolvent as a result of the transfers, and/or intended to incur, or believed or reasonably should have believed that she would incur debts that would be beyond her ability to pay as such debts matured.

22. The $4,500 value of the 1999 Suburban was transferred by the Debtor to the Defendant as the initial transferee.

23. By reason of the foregoing, Plaintiff may avoid the transfers based on constructive fraud under 11 U.S.C. §548 and or 544 and may recover from Defendant the full value of the transfers pursuant to 11 U.S.C. §550.

## COUNT III
### PREFERENTIAL PAYMENT TO INSIDER

24. The above referenced allegations are incorporated herein by reference.

25. Based on the Debtor's testimony, he has made irregular payments totaling $1,000 within the year prior to filing bankruptcy to repay debts to the Defendants.

26. The $1000 in irregular payments was a portion of the Debtor's property to the Defendant, a creditor of the Debtor.

27. The payments were on account of an antecedent debt owed by the Debtor before the transfer was made.

28. The payments were made while the Debtor was insolvent.

29. The payment was made within one year of the filing of the petition commencing Debtor's case, to his parents who will be considered insiders.

30. The Debtor's payments, if allowed, will enable the Defendant to receive more than it would receive as a creditor if (a) the transfer had not been made, and (b) the Defendant received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

WHEREFORE, Plaintiff seeks an order of the court granting judgment against the Defendants and in favor of the Plaintiff in the amount of $5,500, together with the costs and disbursements of this action.

Ahlgren Law Office, PLLC

Dated: November 4, 2019

/e/Erik A. Ahlgren
Attorney #191814
220 West Washington Ave, Ste 105
Fergus Falls, MN 56537
Office: 218-998-2775
Fax: 218-998-6404
erik@ahlgrenlaw.net

ATTORNEY FOR TRUSTEE